IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BANCROFT NEUROHEALTH, A NEW JERSEY NONPROFIT CORPORATION**, | Civil Action: |
| *Plaintiff*, | |
| vs. | |
| **THE BANCROFT SCHOOL,** | |
| *Defendant*. | |

## COMPLAINT

Plaintiff Bancroft Neurohealth, a New Jersey Nonprofit Corporation ("Bancroft"), by and through its attorneys Archer & Greiner, a Professional Corporation, for its complaint against defendant the Bancroft School, an Illinois not for profit corporation, says and alleges as follows:

### THE PARTIES

1.      Bancroft is a New Jersey not for profit corporation with its primary place of business at 1255 Caldwell Road, Cherry Hill, New Jersey.

2.      Defendant The Bancroft School is an Illinois not for profit corporation known until March 2014 as the Chicago Education Project with its primary place of business at 2353 Hassell Road, Hoffman Estates, Illinois.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement and false designations of origin and false descriptions pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      This Court has personal jurisdiction over the defendant because it transacts business in this District through its website.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.      Bancroft was founded in Haddonfield, New Jersey by a young Philadelphia teacher named Margaret Bancroft, who started her school with one pupil in 1883.

8.      In 1898, Margaret Bancroft's school was chartered as The Bancroft Training School.

9.      In 1928, Bancroft was re-chartered as The Bancroft School, a New Jersey Nonprofit Corporation, which merged with Bancroft Community, Inc. in the late 1980s under the name Bancroft Schools and Communities, a NJ Nonprofit Corporation, which in turn merged into plaintiff Bancroft Neurohealth, a New Jersey Nonprofit Corporation on March 28, 2002.

10.    Plaintiff and its predecessors have continuously used the names and trademarks BANCROFT SCHOOL and BANCROFT since the dates set forth above, notwithstanding changes in corporate form and nomenclature, for programs and support provided to children and adults with autism, intellectual or developmental disabilities, and those in need of neurological rehabilitation.

11.    Bancroft's services include special education, vocational training and supported employment, structured day programs, campus and community living programs, short-term behavioral stabilization services for children, in-home and outpatient services.

12.    While Bancroft currently serves more than 1,500 children and adults annually in New Jersey, Pennsylvania and Delaware, Bancroft's fame and reputation – and the association in the relevant public of the BANCROFT and BANCROFT SCHOOL name and trademarks with plaintiff and its services – extend beyond the borders of Bancroft's immediate service area to the entire United States, as a result of

    a.  Bancroft's long history;

    b.  Bancroft's historic and direct association with its founder Margaret Bancroft, an icon in special education;

    c.  Bancroft's status as one of the first schools in the United States established to meet the needs of children with autism and other intellectual disabilities;

    d.  Bancroft's pioneering innovations in its field; and

    e.  Bancroft's operation of a sophisticated Internet website, accessible at the Universal Resource Locator ("URL") www.bancroft.org and thus making

Bancroft's services and the goodwill associated with its name and trademarks known worldwide.

13.     Defendant is a school for special education in Illinois that was founded in 2000 under the name Research for Autism Center of Education.

14.     In 2006 defendant changed its name to Chicago Education Project.

15.     In 2014 defendant again changed its name, this time to The Bancroft School.

16.     On information and belief, defendant made this change notwithstanding its knowledge of plaintiff's trademark rights in BANCROFT and BANCROFT SCHOOL.

17.     Defendant's awareness of plaintiff's trademark rights can be surmised by the fact, on information and belief, graphics on defendant's website, which it established at the URL www.thebancroftschool.org after its 2014 name change, were actually copied from plaintiff's website.

18.     Indeed, after defendant encroached on Bancroft's goodwill by misappropriating Bancroft's name for its own school, defendant began in earnest literally to capitalize on the value to be realized from plaintiff's goodwill it wrongfully misappropriated through a series of aggressive Internet and other uses of the BANCROFT and BANCROFT SCHOOL names and marks.

19.     Thus besides its unauthorized and confusing use of plaintiff's web materials and its incorporation of plaintiff's trademarks in its URL, defendant commissioned the creation of an emblem prominently featuring the BANCROFT and BANCROFT SCHOOL names and trademarks, shown below:



20.    After its name change, defendant also undertook to "appropriate" the persona of plaintiff's founder, Margaret Bancroft, not only naming itself after her – despite the fact that the school she herself had founded, i.e., plaintiff, was already named after her – but also, *inter alia*,

    a.  prominently featuring, on its website, a large photograph of Margaret Bancroft, under the words "HISTORY OF THE BANCROFT SCHOOL," leaving   a casual observer with the false impression that Margaret Bancroft had some connection to the "history" of defendant's institution, as shown below;



### HISTORY OF THE BANCROFT SCHOOL



*Margaret Bancroft*

The Bancroft School began as a clinic with just two students in 2000. Over the last fourteen years it has transformed into a thriving school with fifty students. On March 31st, 2014 the organization officially changed its name from Chicago Education Project to The Bancroft School.

Margaret Bancroft was a pioneer of special education and in 1883 Margaret left her teaching position to open one of the first special education schools in the nation. Margaret saw the need for a school that welcomed all children by combining adapted learning, qualified teachers and compassion.

Margaret's innovation has left a lasting imprint on the world of special education and has shown the importance of offering all children the opportunity to learn. Just as we started small, Margaret Bancroft opened her school with just one student in a rented house.

Much like Margaret, The Bancroft School recognizes each student is unique and we celebrate these differences by tailoring our educational programs and curriculum to each student. At The Bancroft School we are dedicated to continuing Margaret's mission of providing a customized learning environment for our students. Margaret Bancroft's career positively impacted countless children with disabilities and here at The Bancroft School, we strive each day to follow her model and better the lives of our students, families and greater community.

b. Instituting an annual "Bancroft Awards Dinner," prominently featured on defendant's home page, as shown below;



c.  Establishing and promoting a "Bancroft Charity Golf Classic," also promoted via a link on defendant's home page and leading to the web page, prominently featuring plaintiff's BANCROFT name and mark, shown below;



d.  Operating an online "Bancroft School Store" offering "T-shirts, sweatshirts, jackets, accessories & more!" – extending to include scarves, caps, polo shirts, fleece zipper jackets and a travel tumbler – all bearing plaintiff's BANCROFT and BANCROFT SCHOOL trademarks, as shown below;



e. And otherwise flooding its website with the SEO-relevant key word "Bancroft" and utilizing  plaintiff's BANCROFT and BANCROFT SCHOOL trademarks as metatags, also as an aid to SEO.

21.     Defendant's conduct came to plaintiff's attention in approximately October of 2015.

22.     After appropriate investigation and consultation with counsel, in November of 2015 a Bancroft executive directly contacted defendant's chief financial officer and director of business operations and expressed Bancroft's concerns.

23.     Following that discussion, on November 30, 2015 Bancroft's counsel transmitted a written demand by overnight courier that defendant immediately cease its infringing activities.

24.     Over the next few months the parties engaged in discussions regarding possible approaches to resolution of the matter.

25.     At no time during those discussions, however, did defendant cease, reduce or in any way mitigate any of the infringing conduct alleged above, all of which continues as of the date of hereof.

26.     Given the lack of substantive cooperation by defendant; its refusal to take action mitigate its ongoing infringement despite being put on affirmative notice of plaintiff's demand that it do so; and its failure or refusal to acknowledge any degree of urgency with respect to Bancroft's concerns – which echo defendant's failure to acknowledge Bancroft's rights when it chose to rename its school utilizing Bancroft's trademarks – Bancroft has been left with no alternative to protect its rights other than to bring this action.

## FIRST CLAIM FOR RELIEF

### (Federal False Designation of Origin and
### Unfair Competition, 15 U.S.C. § 1125(a))

27.     Bancroft hereby incorporates by reference the allegations set forth above.

28.     In connection with defendant's advertisement, promotion, distribution, sales and offers of sales of its services, defendant has affixed, applied and used false designations of origin and false and misleading descriptions and representations, including the BANCROFT and BANCROFT SCHOOL names and trademarks, which falsely describe the origin, sponsorship, association or approval by Bancroft of the services defendant offers.

29.     Defendant has the BANCROFT or BANCROFT SCHOOL names and trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Bancroft.

30.     Defendant's use of the BANCROFT or BANCROFT SCHOOL names and trademarks  in association with defendant's services constitutes false descriptions and representations tending falsely to describe or represent defendant and defendant's services as being authorized, sponsored, affiliated or associated with Bancroft.

31.     Defendant has used one or more of the BANCROFT or BANCROFT SCHOOL names and trademarks with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Bancroft and to improperly appropriate to itself the valuable trademark rights of Bancroft.

32.     Defendant's acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent defendant's services as those of Bancroft in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33.     Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Statutory Unfair Competition)

34.     Bancroft hereby incorporates by reference the allegations set forth above.

35.     Defendant's actions have caused or are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection or association of its goods.

36.     Defendant's actions, including its unauthorized appropriation and use of the BANCROFT or BANCROFT SCHOOL names and trademarks, which are associated among the public solely with the services of the Bancroft marks and the goodwill and reputation associated therewith and attached thereto, constitute unfair competition or a deceptive trade practice in violation of state law.

37.     Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Bancroft if not enjoined by this Court.

38.     Bancroft has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

39.     Bancroft hereby incorporates by reference the allegations set forth above.

40.     The actions of defendant as alleged above were done deliberately and intentionally.

41.     The actions of defendant as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship,

association or affiliation of the services they sold, in violation of the common law of unfair competition.

42.     The actions of defendant as alleged above constitute misappropriation of the goodwill of Bancroft and unfair competition, in violation of the common law of unfair competition.

43.     The actions of defendant as alleged above were committed with the intention of passing or palming off its services as if such services were those of Bancroft, with the intent to deceive and defraud the public, in violation of the common law of unfair competition.

44.     Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to Bancroft if not enjoined by this Court.

45.     Bancroft has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for an order of the Court:

A.     Granting a preliminary and permanent injunction restraining defendant, and all individuals acting in concert or participation with it, from:

1.   utilizing the words "BANCROFT" in any fashion in connection with the marketing, promotion, sale or offering of educational, neurological, autism or special needs services; or

2.   registering, maintaining an interest in or otherwise making use of any Internet domain name utilizing the words "BANCROFT";

3.   otherwise infringing plaintiff's trademark rights;

4.   otherwise competing unfairly with plaintiff;

B.   Directing defendant to arrange for the immediate transfer of any Internet domain name utilizing the word "BANCROFT" to plaintiff;

C.   Directing defendant to use its best efforts to recall from all third parties any and all marketing, advertising and promotional material used in connection with its services and bearing the word "BANCROFT";

D.   Directing defendant to deliver up to plaintiff for destruction or other disposition, within ten days of the entry of final judgment herein, any and all infringing articles and any promotion, marketing, advertising and promotional materials used in connection therewith, now or hereafter in its possession, custody or control;

E.   Directing defendant to file with the Court and serve on counsel for plaintiff, within thirty days of the entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which defendant has complied with the injunction;

F.   Directing defendant to account to plaintiff for any and all profits derived by them from the sale of services or goods in connection with BANCROFT or BANCROFT SCHOOL names and trademarks;

G.   Awarding plaintiff a money judgment against defendant for plaintiff's damages and defendant's profits;

H.   Awarding plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of defendant's intentional and willful infringement; and

I.      Awarding plaintiff such other and further relief as the Court may deem just and

proper.


_____
        Ronald D. Coleman (RC 3875)

**ARCHER & GREINER**
A Professional Corporation
21 Main Street, Suite 353
Hackensack, NJ  07601
(201) 498-8544
rcoleman@archerlaw.com
*Attorneys for Plaintiff Bancroft Neurohealth,*
*A New Jersey Nonprofit Corporation*

Dated: April 4, 2016